**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 01-7697**

---

In Re: SONNI WILSON,

Petitioner.

---

On Petition for Writ of Mandamus.

---

Submitted:  February 27, 2002          Decided:  March 11, 2002

---

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

---

Petition dismissed by unpublished per curiam opinion.

---

Sonni I. Wilson, Petitioner Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Sonni I. Wilson filed a petition for writ of mandamus in this court seeking release from his incarceration in a Virginia prison, where he was transferred on behalf of the federal Bureau of Prisons. Wilson argues that he is being detained beyond the expiration of his federal prison sentence, which was imposed after trial and conviction in the District of Columbia for bank fraud and related crimes. The government filed a response to Wilson's petition, stating that Wilson is being held not as an extension of his federal prison sentence, but because the Immigration and Naturalization Service has instituted removal proceedings against him.

We lack jurisdiction to consider Wilson's petition, and so must dismiss it. Original jurisdiction to issue a writ of mandamus generally resides in district courts, not appellate courts. See 28 U.S.C.A. § 1361 (West 1993). The All Writs Act does vest all statutorily created federal courts, including this court, with authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions . . . ." See 28 U.S.C.A. § 1651 (West 1994) (emphasis added). However, Wilson's petition, stemming from a District of Columbia conviction and sentence, fails to implicate the independent basis for our jurisdiction necessary to proceed under the All Writs Act. See In re Chambers Develop. Co., 148 F.3d 214, 223 n.6 (3d Cir. 1998) (stating that the All Writs Act requires that "the case may at some future time come within the

2

court's appellate jurisdiction").  Accordingly, although we grant Wilson's motion to proceed in forma pauperis, we deny his motion for counsel and dismiss his petition.  We dispense with oral argument because the facts and legal issues are adequately presented in the materials before the court and argument would not aid in the decisional process.

DISMISSED